IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>RAMON F. TORRES HERNANDEZ<br><br><br><br>Debtor | Civil No. 22-cv-01289 |
| RAMON F. TORRES HERNANDEZ<br><br>Plaintiff<br><br>v.<br><br>**FAIRWAY ACQUISITIONS FUND, LLC.**<br><br>Defendant | VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; ACTUAL AND PUNITIVE DAMAGES |

## CLASS ACTION COMPLAINT

**COMES NOW,** Plaintiffs, **Ramon F. Torres Hernandez**, on behalf of herself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, through the undersigned counsel, and before this Honorable Court respectfully **STATES**, **ALLEGES** and **PRAYS** as follows:

### I.   INTRODUCTION

1. This action seeks redress for the unlawful and deceptive collection practices engaged by the Defendant in connection with their efforts to collect on a consumer debt against Plaintiff and others similarly situated (coupled, "Plaintiffs"). Plaintiffs allege that Defendant violated the Fair Debt Collection Practice Act ("FDCPA") by engaging in unlawful and deceptive collection practices. Plaintiffs request declaratory and injunctive relief, as well as monetary, and punitive and actual damages based on violations of 15 U.S.C. §1692.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction is invoked under the provision 28 U.S.C. §1331 and 15 U.S.C. §1692(k)(d).

3. Venue is proper in this District because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district. In addition, Defendant is domiciled in this District and does business in this District.

## III. THE PARTIES

4. Plaintiff, **Ramon F. Torres Hernandez**, is citizen of the Commonwealth of Puerto Rico. At all relevant times Plaintiff has resided in the municipality of San Juan, Puerto Rico. Plaintiff was the debtor in the Bankruptcy Case No. 21-bk-02823 (hereinafter the "the Bankruptcy Case"). Plaintiff is a natural person and as such a "consumer" as such term is defined by the FDCPA.

5. Defendant, **Fairway Acquisitions Fund, LLC .** (hereinafter referred as "**Fairway**" or "**Defendant**") is a Limited Liability Company incorporated under the laws of the State of Delaware with a designated office address of: 16192 Coastal Hwy, Lowes, DE., 19958. Fairway appeared in the Bankruptcy Case by and through its alleged servicer of **Island Portfolio Services, LLC.** (hereinafter referred as "**Island**"). Defendant is in the business of collecting consumer debts. That is, one of the principal purposes of Defendant's business is the acquisitions of defaulted consumer debt and the collection of those debts. The business of debt collection is Defendant's only business; that is, but for its debt collection business Defendant would cease to exist. Defendant does not originate any debt of its own. Defendant's business is conducted by and through the uses of interstate communication such as US Mail, electronic communications (e-

mails, electronic payments), and telephone communications. As such, Defendant is a debt collector as such term is defined in 15 U.S.C. §1692a(6).

6. Defendants, **INSURANCE COMPANIES ABC** (hereinafter, "INSURANCE COMPANIES ABC"), are the insurance companies of the Defendant in this adversary proceeding who are liable for the acts and omissions against Plaintiff rights; therefore, INSURANCE COMPANIES ABS are also responsible for the damages and acts alleged in this complaint.

7. Defendants, **JOHN DOE AND JANE DOE,** are fictitious names for unknown persons who participated in the acts and omissions against Plaintiff rights and/or who are successors of Defendants; therefore, Defendants John Doe and/or Jane Doe are also responsible for the damages and acts alleged in this Complaint.

### IV.   THE FACTS

8. Plaintiffs re-allege each and every previous allegation as if fully established herein.

   a. **General Factual Allegations.**

9. On September 24, 2021, Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code. That bankruptcy case was catalogued as bankruptcy case no. 21-02823-ESL13 (hereinafter referred to as the "Bankruptcy Case"). The Bankruptcy Case was filed, and is pending, in the United States Bankruptcy Court for the District of Puerto Rico.

10. Prior to the filling of the Bankruptcy Case, Plaintiff incurred in a consumer debt with Banco Popular de Puerto Rico (hereinafter referred as the "BPPR").

11. Plaintiff used the proceeds of the consumer debt for personal, family and household purposes (the "Debt").

12. The Debt is a "debt" as such term is defined under 15 §1692(a)(5).

13. Upon information and belief, on or about calendar year 2015, BPPR charged off the Debt. Prior to being charged off, but certainly upon the charge off, the Debt was deem to be in default.

14. At the time the Debt was charged off, the account balance included sums that corresponded to: (a) principal balance, (b) accrued interest, (c) finance charges, (d) late fees, and (e) over limit fees, amongst other fees, expenses, and charges.

15. Since the date the Debt was charged off, the Debt has accrued sums related to interest, finance charges, late fees, over the limit fees, legal fees, attorney and costs, attorney fees and other fees, expenses, and charges.

16. Upon information and belief, Fairway acquired the Debt somewhere between October 2015 and September 2021.

17. When Fairway acquired the Debt, the Debt was in default.

18. After the filing of the Bankruptcy Case, on November 12, 2021, Defendant Fairway filed Proof of Claim #7 alleging that Plaintiff owed the Debt (the "Proof of Claim"). The Proof of Claim was filed in the amount of $38,225.44.

19. Defendant filed the Proof of Claim in an attempt to collect a "debt," as such term is defined under the FDCPA.

20. The filing of the Proof of Claim constituted a "communication" as such term is defined under the FDCPA.

21. In the bankruptcy context, a debt collector can and shall comply with the requirements of the Bankruptcy Code and the FDCPA. *See*, Howard v. LVNV Funding, LLC., 2020 WL 978653 *5 (W.D. Pa. 2020) (holding there is no direct conflict between the Code and the FDCPA and accordingly, no preemption"); In re Bernandin, 610 B.R. 787, 802 (Bankr. E.D.

PA. 2019)(holding that a creditor can comply with requirements of the Bankruptcy Code and the FDCPA; accordingly, "there is no conflict between the bankruptcy claims allowance process and the FDCPA"); In re Thomas, 578 B.R. 355 (Bankr. W.D. Va. 2017) (holds that an improperly filed proof of claim may in fact sustain a violation of the FDCPA).

22. Official Form 410, the form which is required to file a bankruptcy proof of claim, asks a creditor, at Question #7, as follows: "does this amount include interest or other charges?"

23. If the creditor responds "No," per this portion of the form, no further documentation is needed.

24. If the creditor responds "Yes," per this portion of the form, further documentation is needed.

25. If the creditor responds "Yes," the creditor is required to "Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A)."

26. In responding to Question #7 in Proof of Claim #7 Defendant Fairway intentionally and falsely responded as "No" to Question #7.

27. Defendant used the false, deceptive, or misleading representation in Questions #7 as means to collect the Debt alleged in Proof of Claim #7.

28. The Account Statement that Defendant attached to the Proof of Claim confirms that representation made by Defendant in Question #7 was false.

29. Despite making the representation that no interest was included in the Debt alleged in Proof of Claim #7; the Account Statement attached to Proof of Claim #7 confirmed that in 2015 alone, over $2,916.00 interest charges were included in the Debt.

30. Despite making the representation that no fees were included in the Debt alleged in Proof of Claim #7, the Account Statement attached to Proof of Claim #7 confirmed that late fees, amongst other fees, were included in the Debt.

31. The Debt claimed in Proof of Claim #7 included interest charges and other fees.

32. The representation that the Debt in Proof of Claim #7 did not include interest, fees, or other charges was a false, deceptive, or misleading means in connection with the collection of the Debt.

33. Defendant used unfair or unconscionable means to collect the Debt alleged in Proof of Claim #7.

34. Federal Rule of Bankruptcy Procedure 3001 establishes, as a condition precedent, certain requirements to the collection of any amounts pursuant to applicable bankruptcy law.

35. In Question #8 of the Proof of Claim, Defendant alleged that the "basis of the claim" was a "Personal Loan."

36. A claim based on a personal loan is a claim based upon on a writing.

37. Pursuant to Fed. R. of Bank. P. 3001(c)(1), when a claim is based upon a writing, as a condition precedent to collecting on such debt, "a copy of the writing shall be filed with the proof of claim."

38. Defendant failed to file a copy of the writing with Proof of Claim #7.

39. Pursuant to Fed. R. of Bank. P. 3001(c)(3), when a claim is based on a Consumer Credit Agreement, as a condition precedent to collecting on such debt, a statement in compliance with Fed. R. Bank. P. 3001(c)(3) a statement with certain discloses is required to be filed.

40. Defendant failed to file a copy of the statements required under Rule 3001(c)(3) in conjunction with Proof of Claim #7.

41. Defendant's attempt to collect without including the disclosure, statements, and documents expressly required by Bankruptcy Rule 3001 constitutes an unfair and unconscionable means to collect a debt.

(b) **Allegations as to the Applicability of the FDCPA.**

42. The FDCPA defines the term "debt collector" as including: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." *See*, 15 U.S.C. §1692a(6).

43. The Plaintiff is a natural person allegedly obligated to pay a debt; he is an individual and otherwise a 'Consumer' as such term is defined by 15 U.S.C. §1692a(3).

44. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5) as it was incurred for personal, family, or household purposes.

45. Defendant is a legal person who regularly uses means of interstate commerce such as US Mail, telephone calls, internet, e-mails, text messages, amongst others, to engage and conduct its business.

46. Defendant is in the business of purchasing and collecting on defaulted consumer loans.

47. The principal purpose of Defendant's business is the collection of any debts.

48. Defendant does not originate and/or generate any of its own loans and/or debts. Rather, the principal purpose of Defendant's business is the collection of debts.

49. Defendant is a "debt collector" under the FDCPA, 15 U.S.C. § 1692(a)(6).

V.   **COUNT I - VIOLATION OF 15 U.S.C. § 1692*e***

50. Plaintiffs re-allege each previous allegation as if fully established herein

51. Plaintiff brings Count I on behalf of himself and on behalf of a class of all other persons other similarly situated pursuant to Fed. R. Civ. P. 23.

52. *15 U.S.C. § 1692e states:*

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (2) The false representation of—
>    (A) **the character, amount, or legal status of any debt**…
> (3) ……………………………………………….…………..;
> (4) ……………………………………………………………..;
> (5) ……………………………………………………………..;
> (6) ……………………………………………………………..;
> (7) ……………………………………………………………..;
> (8) ……………………………………………………………..;
> (9) ……………………………………………………………..;
> (10) The <u>**use of any false representation**</u> or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

See, *15 U.S.C. § 1692e.* (*Our Emphasis added*).

53. The FDCPA prohibits debt collectors from making false, deceptive, or misleading representations or means in the connection with the collection of a debt.

54. In connection with the collection of the Debt alleged in Proof of Claim #7, Defendant used false, deceptive, or misleading representation with respect to the characterization and/or genesis of the Debt.

55. In connection with the collection of the Debt alleged in Proof of Claim #7, Defendant alleged that $38,225.44 related to principal balance (i.e., no interest, fees, or charges); the representation was false.

56. In connection with the collection of the Debt alleged in Proof of Claim #7, Defendant attempted to induce the belief that a statement itemizing interest, fees, or charges was not required; the representation was deceptive because interests, fees, and charges were in fact included in Proof of Claim #7.

57. Defendant's representation in the Proof of Claim #7 violates *15 U.S.C. §1692e (2)(A)* by disclosing false information regarding the character, amount, and legal status of alleged debt.

58. Defendant's representation in the Proof of Claim violates *15 U.S.C. §1692e(10)* because they incorporate a false representation or deceptive means to collect or attempt to collect on the alleged debt.

59. Defendant's violations of the FDCPA are material because the false representation of the amount and character of the Debt circumscribes and curtails Plaintiff's decision making process of whether to object to a claim or not; whether the claim is permitted under applicable law or not; amongst others.

60. Because of Defendant's misrepresentations, Plaintiff was forced to engage counsel – in a different and distinct proceeding – to review the Proof of Claim to determine which amounts related to principal balance and which amounts related to interest, fees, and charges to, in turn, determine whether an objection to the proof of claim was warranted.

61. Under Local Bankruptcy Rule 2016, bankruptcy debtors and their respective attorneys have a duty to object to invalid claims.

62. Defendant's business model of misrepresenting the character of the Debt result in the imposition of a cost and expense upon Plaintiff to engage counsel to further review and investigate in order to comply with the duties imposed by LBR 2016.

63. By and through Defendant's misrepresentation of the character of the Debt, Defendant in fact caused the class members not to object to potentially objectionable and uncollectable proof of claims.

64. By and through Defendant's misrepresentation of the character of the Debt, Defendant in fact caused class members to pay more that they would have otherwise paid on Proof of Claims but for Defendant's mischaracterization of the alleged Debt.

65. As a result of Defendant's violation of the FDCPA Plaintiff suffered tangible and intangible injuries.

66. Tangible injuries include economic and well as emotional injuries. For example, Plaintiff suffered monetary damages when she was forced to spend time and money in the engagement of counsel – in an unrelated proceeding – to investigate the character and extent of the alleged Debt. Similarly, Plaintiff suffered emotional damages when she was confused and distraught informed by the Proof of Claim that she owed sums much higher than she anticipated, or in fact owed, to Defendant.

67. Intangible injuries include the confusion, distress, and fear caused by Defendant's violation of the FDCPA which are precisely the sort of abusive debt collection practices that Congress sought to protect from when it enacted the FDCPA.

68. The risk that consumers would be deceived to pay amounts either not owed or potentially subject to collections resulting from a debt collectors' false representation of the amount and/or character of a debt is the sort of harm Congress sought to avoid in enacting the FDCPA.

69. As a result of Defendant's conduct, Plaintiff, and the purported class are entitled to an award of statutory damages and attorney fees pursuant to *15 U.S.C. §1692k*.

## VI.     COUNT II - VIOLATION OF 15 U.S.C. § 1692*f*

70. Plaintiffs re-allege each previous allegation as if fully established herein

71. Plaintiff brings Count II on behalf of himself and on behalf of a class of all other persons other similarly situated pursuant to Fed. R. Civ. P. 23.

72. *15 U.S.C. § 1692f* states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is **expressly authorized by** the agreement creating the debt **or permitted by law**.

*See*, 15 U.S.C. § 1692f.  (*Our Emphasis added*).

73. The FDCPA prohibits debt collectors from the uses of unfair or unconscionable means to collect or attempt to collect any debt.  Id.

74. In connection with the collection of the Debt alleged in Proof of Claim #7, Defendant used unfair or unconscionable means to collect on Proof of Claim #7 by failing to disclose to Plaintiff and attached statements, itemizations, and information required by Bankruptcy Rule 3001.

75. The requirements of Bankruptcy Rule 3001 are specifically triggered when a creditor attempts to collect on a claim in the bankruptcy context, to wit, the filing of a Proof of Claim.

76. As a condition precedent to being able to collect in the bankruptcy context; to wit, the filing of a Proof of Claim, a creditor is required to comply with certain requirements including, but not limited to Bankruptcy Rule 3001(c)(1), Rule 3001(c)(2), and Rule 3001(c)(3).

77. The amounts attempted to be collected in Proof of Claim #7, $38,225.44, were not expressly permitted under bankruptcy law in absence with strict compliance with Rule 3001(c).

78. Defendant's attempt – in bankruptcy - to collect $38,225.44, as represented in Proof of Claim #7, without complying with Rule 3001(c), constitutes an unfair and unconscionable means to collect on a debt in violation of *15 U.S.C. § 1692f.*

79. Defendant's violations of the FDCPA are material because it caused Plaintiff tangible and intangible damages.

80. Because of Defendant's misrepresentations, Plaintiff was forced to engage counsel – in a different and distinct proceeding – to review the Proof of Claim and determine whether an objection to the proof of claim was warranted; this, because the required documentation was not attached for Plaintiff to review himself.

81. Under Local Bankruptcy Rule 2016, bankruptcy debtors and their respective attorneys have a duty to object to invalid claims.

82. Defendant's business model is to hide and fail to disclose information which Defendant knows needs to be included with bankruptcy proof of claims.

83. As part of its business practice, Defendant, waits until Plaintiffs have to incur and spend time, money and resources to file objection to a proof of claim to either correct, amend and/or supply the information and documents that were required and should have been filed in the original proof of claim.

84. Defendant's business model and practice, which deprives Plaintiffs of information and documents required under applicable bankruptcy law, until the Plaintiff engages counsel to request such information is an unfair and unconscionable means to collect a debt that violates Section 1692f of the FDCPA.

85. As a result of Defendant's violation of the FDCPA Plaintiff suffered tangible and intangible injuries.

86. Tangible injuries include economic and well as emotional injuries. For example, Plaintiff suffered monetary damages when she was forced to spend time and money in the engagement of counsel – in an unrelated proceeding – to investigate and request the documents that should have been filed in compliance with Rule 3001.

87. Intangible injuries include the confusion, distress, and fear caused by Defendant's violation of the FDCPA which are precisely the sort of abusive debt collection practices that Congress sought to protect from when it enacted the FDCPA.

88. The risk that consumers would be deceived to pay amounts not owed, as a result of a creditor's intentional failure to include, attach, supply and file documents expressly required under applicable law, is the sort of harm Congress sought to avoid in enacting the FDCPA.

89. As a result of Defendant's conduct, Plaintiff, and the purported class are entitled to an award of statutory damages and attorney fees pursuant to *15 U.S.C. §1692k*.

## VII. CLASS ALLEGATIONS

90. Plaintiff re-alleges each previous allegation as if fully established herein.

91. Plaintiff brings Count I and Count II of this action on behalf of himself and on behalf of a class of all other persons similarly situated pursuant to Fed. R. Civ. P. 23.

92. The Class consists of: (a) all natural persons; (b) who filed a bankruptcy case in the Bankruptcy Court for the District of Puerto Rico; (c) in which Fairway filed a proof of claim; (d) on or after a date one year prior to the filing of this action; (e) where the proof of claim filed by Fairway listed the underlying debt as consisting entirely of principal balance and did not itemize

the interest and/or fees on the debt underlying the proof of claim; and (f) in which Fairway failed to attached the itemization, statements, or documents required under Fed. R. Bank. P. 3001(c)(1), 3001(c)(2), or 3001(c)(3).

93. This action has been brought as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure and as such complies with the following:

   i. The class members are so numerous that joinder is impracticable;

   ii. On information and belief, based on preliminary discovery of the proof of claims filed by Defendant, there are more than 100 members of the class as defined herein;

   iii. There are questions of law and fact common to all class members, which predominate over any question that affect only individual class members. The predominant questions are:

   (a) The existence of Defendant's identical conduct particular to the matter at bar;

   (b) Whether Defendant, and the conduct described herein, violated the FDCPA; and

   (c) The liability of Defendant for the alleged violations of the FDCPA described herein.

   iv. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

   v. Plaintiff will fairly and adequately represent and protect the interests of each class member. The interest of Plaintiff is not adverse to nor are they in conflict with the interest of other members of the class. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

   vi. A class action is superior to other alternative methods of adjudicating this dispute, in that:

   a. Individual cases are not economically feasible,
   b. Many consumers may not realize their rights are violated, and
   c. Congress prescribed class actions as a principal enforcement mechanism under the FDCPA.

**WHEREFORE**, in view of the foregoing, Plaintiff, on behalf of himself and others similarly situated, respectfully request from this Honorable Court to enter a Judgment in favor of Plaintiffs and the class and against Defendant for:

1. An Order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set-forth and defined above;

2. Adjudging that Defendant violated 15 U.S.C. § 1692e;

3. Adjudging that Defendant violated 15 U.S.C. § 1692f;

4. An award of statutory damages for Plaintiff, and the class pursuant to 15 §1692k;

5. Attorney fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k; and

6. Such other and further relief as the Court believes fair and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 17th day of June 2022.

**THE BATISTA LAW GROUP, PSC.**
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589

/s/ Jesus E. Batista Sánchez
Jesus E. Batista Sánchez, Esq.
USDC-PR No. 227014
E-mail: jeb@batistasanchez.com

/s/ William Rivera Vélez
William Rivera Vélez, Esq.
USDC-PR No. 229408
E-mail: wrv@batistasanchez.com

/s/ Carlos A. Ortiz Morales
Carlos A. Ortiz Morales, Esq.
USDC-PR No. 120402
E-mail: comlaw@gmail.com